Van Brunt, P. J.
The complaint alleges that the plaintiffs consigned to the defendant a large quantity of goods to sell for them; that he sold the goods and received therefor a certain sum of money which he refuses to pay over to them though they demanded it. The answer admits the copartnership of the plaintiffs and that he was their agent; that they consigned goods to him; that he sold some of such goods and received the sale price of some of the goods so sold, and denies each and every other allegation in the complaint contained.
This is a clear denial of the allegation that he has not paid the money over.
It is urged upon the part of the plaintiffs that their cause of action rests simply upon the fact that the defendant as their agent has received money belonging to them which he has not paid over, and that this the ' answer admits. We fail to see where in the answer an admission of the last proposition, viz., that he has not paid the money over, can be found. The answer admits the sale of some of the goods and the receipt of some of the money,, and denies each and every other allegation. In order that th.e plaintiffs should succeed, it is admitted that it should allege that this money had not been paid over, and if that is a necessary part of the complaint it is difficult to see why a denial does not raise a material issue.
It has become a familiar rule that an answer cannot be stricken out as sham or frivolous which raises any general issue.
Some question is made in regard to the form of the denial ;■ that it is not recognized by the Code and must therefore be disregarded. We fail to see in what respect it is deficient. It shows clearly what it means, and' that it denies the allegation that the defendant has not paid over the money received by him as agent.
The order should be reversed, with ten dollars costs and disbursements.
Brady and Daniels, JJ., concur.